JUSTICE LEAPHART,
specially concurring.
¶60 I specially concur with the Court’s conclusion affirming the District Court’s granting of Patricia’s motion for summary judgment. I do not, however, agree with the Court’s rationale in reaching that conclusion.
¶61 Montana’s version of the Uniform Enforcement of Foreign Judgments Act (UEFJA), § 25-9-503, MCA, provides as follows:
Filing and status of foreign judgments. A copy of any foreign judgment authenticated in accordance with an act of congress or the statutes of this state may be filed in the office of the clerk of any district court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of a district court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a district court of this state and may be enforced or satisfied in like manner.
¶62 The language of the Act very clearly provides that a foreign judgment is subject to reopening or vacating on the same grounds as a judgment of the State of Montana. This language directly conflicts with the dictates of the Full Faith and Credit Clause of the United States Constitution which, as the Court recognizes, requires that “the judgment of a state court should have the same credit, validity, and effect, in every other court of the United States, which it had in the state where it was pronounced.” Underwriters Assur. Co., 455 U.S. at 704, 102 S.Ct. at 1365 (citations omitted). It goes without saying that we *344 cannot give the judgment in question the same credit and validity that it would have in Wyoming (its state of origin) and, at the same time, subj ect that judgment to reopening and vacating under the laws of Montana, including Rule 60(b), M.R.Civ.P.
¶63 The Court purports to resolve this conundrum by interpreting § 25-9-503, MCA, in such a manner that the only defenses allowed under the UEFJA are those directed at the validity of the foreign judgment (e.g., lack of personal or subject mater jurisdiction, fraud in the procurement, lack of due process, satisfaction or other grounds that make the judgment invalid or unenforceable). In the interests of interpreting our UEFJA consistently with its purpose and with rulings from sister states, the Court holds that the language of § 25-9-503, MCA, “does not allow the merits of a foreign judgment to be reopened or reexamined by the state where it is recorded.”
¶64 The consistency that has been achieved by the Court’s interpretation is nothing short of legerdemain. No matter how harmonious our sister states may be in saying that the UEFJA does not allow vacating or reopening a foreign judgment, they cannot change the fact that the UEFJA provides that a foreign judgment shall be treated in the “same manner as a judgment of a district court of this state [Montana].” In the event more clarity is called for, the Act goes on to elaborate: “A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a district court of this state ...” (Emphasis added.) With all due respect to the majority and the Uniform Code Commissioners, this language is only subject to one interpretation: that is, that a judgment from Wyoming, filed in Montana, is subject to reopening or vacating under the laws of Montana, including the excusable neglect provisions of Rule 60(b), M.R.Civ.P. In the words of Ralph Waldo Emerson: “A foolish consistency is the hobgoblin of little minds, adored by little statesmen and philosophers and divines.” In creating a consistency where none exists, we have fallen prey to the hobgoblin and have joined the ranks of the little statesmen, philosophers and divines.
¶65 I would hold that § 25-9-503, MCA, is unconstitutional to the extent that it is inconsistent with the Full Faith and Credit Clause. That is, to the extent that it allows a foreign judgment to be reopened or vacated under the laws of another state.